**Electronically Filed
Intermediate Court of Appeals
30702
30-JAN-2012
08:45 AM**

NO. 30702

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
PATRICK K. CUI, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CR. CASE NOS. 1P110-03217, 1P110-02141, 1P110-02140)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge and Ginoza, J.;
and Leonard, J. dissenting)

In this appeal, Defendant-Appellant Patrick K. Cui
(Cui) challenges two judgments, each entitled Notice of Entry of
Judgment and/or Order, filed on July 22, 2010 in the District
Court of the First Circuit (district court)[1] convicting Cui of
violating Revised Ordinances of Honolulu (ROH) § 10-1.2(a)(9)
(2009). For each conviction, the district court sentenced Cui to
pay a $50 fine.[2]

---

[1] The Honorable Catherine Remigio presided.

[2] Cui's notice of appeal also appealed a Notice of Entry of Judgment
and/or Order for violating Hawaii Revised Statutes (HRS) § 143-2 (Dog
License), but Cui's opening brief does not raise any point of error related to
this offense. Any issues related to HRS § 143-2 are thus waived.

On appeal, Cui argues that the district court erred in entering the judgment of conviction for violating ROH § 10-1.2(a)(9) because: (1) the written and oral charges were fatally insufficient for failing to properly allege the definition of "public park"; (2) there was insufficient evidence; and (3) the district court erroneously determined that Cui's dog was not a service dog and that Cui's rights under the Americans with Disabilities Act (ADA) were not violated.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Cui's points of error as follows:

The written and oral charges provided to Cui were insufficient.  On February 3, 2010, Cui was issued a Complaint & Summons which stated that on that date at "Kuhio Beach Park" Cui had committed the offense of "Dog in Park," referencing "Section 10-1.2(9) [sic]."  On March 8, 2010, Cui was issued another Complaint & Summons.  Although difficult to decipher, it appears that this complaint states that on March 8, 2010, at "[undecipherable] 2500 Kalakaua Ave" Cui committed the offense of "[undecipherable] dog ... public park ...." and references "Section 10-1.2(9) [sic]."

On July 9, 2010, the State orally charged Cui as follows:

> [The State]:  . . .
>
> So the charges are on or about February 3rd, 2010, as well as March 8th, 2010, City and County of Honolulu, State of Hawaii, you did within the limits of any public park permit any animal to enter or to remain within the confines of that public park is [sic] a violation of 10-1.2 of the [ROH].

When the prosecutor asked if Cui understood the charges, Cui responded, "I don't understand what [the State's] saying about the law."  Cui's counsel then asserted that the charge was defective under State v. Wheeler, 121 Hawai'i 383, 219 P.3d 1170

2

(2009) because a material element had been left out of the charge. The district court asked the State to restate the oral charge, which the State did as follows:

> [The State]: Okay. So that charge is on or about February 3rd and March 8th, 2010, City and County of Honolulu, State of Hawaii, [Cui], you did within the limits of any public park permit any animal to enter and remain within the confines of any public park as a violation of 10-1.2 of the [ROH].

Cui's counsel reiterated his objection to the charge, particularly that "public park" has a specific statutory definition, and requested that the charge be dismissed. The State asserted that "public park" was not a term of art and is easily comprehensible, and therefore, indicated it would leave the charge as stated. The district court denied Cui's request to dismiss the charge.

"Whether a charge sets forth all the essential elements of a charged offense is a question of law, which we review under the de novo, or right/wrong, standard." State v. Mita, 124 Hawai'i 385, 389, 245 P.3d 458, 462 (2010) (internal quotation marks, brackets, ellipsis, and citation omitted).

The offense in question is set forth in ROH § 10-1.2(a)(9), which states:

> Sec. 10-1.2 Park rules and regulations.
>
> (a) Within the limits of any public park, it is unlawful for any person to:
> . . . .
>
> (9) Permit any animal to enter and remain within the confines of any public park area except as otherwise provided in this article[.]

(Emphasis added). In turn, ROH § 10-1.1 (2009) defines "public park" as follows:

> "Public park" means any park, park roadway, playground, athletic field, beach, beach right-of-way, tennis court, golf course, swimming pool, or other recreation area or facility under the control, maintenance and management of the department of parks and recreation.

(Emphasis added).

3

The Hawai'i Supreme Court recently reiterated that:

> The sufficiency of the charging instrument is measured, inter alia, by whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he or she must be prepared to meet. In other words, the oral charge must be worded in a manner such that the nature and cause of the accusation could be understood by a person of common understanding. The relevant inquiry, therefore, is whether or not the charge provided the accused with fair notice of the essential elements.

Mita, 124 Hawai'i at 390, 245 P.3d at 463 (citations, quotation marks and brackets omitted).  The supreme court held that the circumstances in Mita were distinguishable from Wheeler:

> There are two significant factors present in the instant case that were not present in Wheeler, thus making it readily distinguishable: (1) the definition of "animal nuisance" in ROH § 7-2.2 does not create an additional essential element of the offense; and (2) in any event, the definition of "animal nuisance" is consistent with its commonly understood meaning and therefore Mita had fair notice of the offense charged.  Thus, the oral charge against Mita, which tracked the language of ROH § 7-2.3, sufficiently alleged all of the essential elements of the offense of animal nuisance.

Mita, 124 Hawai'i at 391, 245 P.3d at 464.  The supreme court held that the definition of "animal nuisance" in ROH § 7-2.2 did not create additional elements to what was required by ROH § 7-2.3 because the definition provided an "inclusive, rather than exclusive, list of examples of what the term may include[.]" Id.

In this case, the definition of "public park" in ROH § 10-1.1 creates an additional element, the attendant circumstance that the park in question be "under the control, maintenance and management of the department of parks and recreation."  See Wheeler, 121 Hawai'i at 392, 219 P.3d at 1179 ("[a]n attendant circumstance is essentially a circumstance that exists independently of the actor's conduct.") (internal quotation marks and brackets omitted).

4

Moreover, "public park" as defined by ROH § 10-1.1 is not necessarily consistent with its commonly understood meaning in that it is limited to parks "under the control, maintenance and management of the department of parks and recreation." In short, it excludes all other public parks under the control or management of other public entities, such as the state government, the federal government, or even perhaps another county department or agency.

The complaints and the oral charge did not provide any notice to Cui that the public park in question must have been a park "under the control, maintenance and management of the department of parks and recreation" and thus, in this case, the charge was insufficient.

We do not reach the other issues raised by Cui.

Therefore,

IT IS HEREBY ORDERED that the two judgments, each entitled Notice of Entry of Judgment and/or Order, convicting Cui of violating ROH § 10-1.2(a)(9) and filed on July 22, 2010 in the District Court of the First Circuit, are vacated. This case is remanded to the district court with instructions to dismiss without prejudice.

DATED: Honolulu, Hawai'i, January 30, 2012.


On the briefs:

Jennifer D.K. Ng
Deputy Public Defender
for Defendant-Appellant

Anne K. Clarkin
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Presiding Judge

Associate Judge

5